## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FORYS, BIRN & ASSOCIATES, P.C. d/b/a | ) | |
| CENTRAL MEDICAL CLINIC OF CHICAGO , | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 09 C 7391 |
| v. | ) | |
| | ) | Judge Bucklo |
| ACCELMED, LLC; | ) | Magistrate Judge Schenkier |
| and JOHN DOES 1-10, | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFF'S RESPONSE IN OPPOSITION TO
### DEFENDANT ACCELMED, LLC'S MOTION TO STAY DISCOVERY

Plaintiff Forys, Birn & Associates, P.C. respectfully submits this response in opposition to defendant Accelmed, LLC's motion to stay discovery.

### I.    INTRODUCTION

Plaintiff brought this action after receiving unsolicited and unwanted advertising faxes sent by defendant. Plaintiff alleges that defendant violated the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA") (Count I), and the Illinois Consumer Fraud Act, 815 ILCS 505/2 ("ICFA") (Count II), and committed the tort of conversion (Count III). Plaintiff seeks to proceed on behalf of a class and has propounded discovery to further identify the members of the class.

Defendant filed a motion to dismiss on December 3, 2009. Defendant's motion attacks only the TCPA count and argues that the faxes defendant sent to plaintiff are not "advertisements." The motion is fully briefed and the Court set a target ruling date of February

1

5, 2010. As of the date of this filing, the motion has not yet been ruled upon.

The parties held a scheduling conference and submitted a joint report of the parties to the Court for consideration. Plaintiff served defendant with its Rule 26(a)(1) disclosures on February 11, 2010 and the parties agreed that defendant would make its initial disclosures on March 16, 2010. Plaintiff propounded discovery on February 23, 2010.

Defendant contends that because its motion to dismiss is pending, "it would be premature for Accelmed to make its initial disclosures prior to the Court's determination." (Def. Mtn., p. 2) Accordingly, defendant seeks to abrogate the parties' agreed upon discovery schedule and seeks to stay the time period for defendant to make its initial disclosures and to respond to plaintiff's discovery requests. Defendant claims that it should not be required to answer any discovery until its motion is resolved.

## II.  ARGUMENT

### A.  PENDENCY OF A DISPOSITIVE MOTION DOES NOT, IN ITSELF, WARRANT A STAY OF DISCOVERY

Under Fed. R. Civ. P. 26(c) and (d), the court has broad discretion to limit the scope and sequence of discovery. Pursuant to Fed. R. Civ. P. 26(c)(1), a court may limit discovery "to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense..." Motions to stay discovery are granted after a showing of "good cause" and "must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 26(c)(1); Local Rule 37.2. Defendant's counsel has made *no* efforts to contact plaintiff's counsel regarding the relief sought in this motion, and none are detailed in defendant's motion.

2

A motion to stay discovery will not be granted every time a dispositive motion is pending before the court. Builders Assoc. of Greater Chicago v. City of Chicago, 170 F.R.D. 435, 437 (N.D. Ill. 1996). The grounds for limiting the scope of discovery are listed in Federal Rule 26(b)(1) - the legal insufficiency of the complaint, which is the basis of Defendant's motion to dismiss, is not one of them.

Although defendant has cited _no_ cases to support its position, several courts in the Seventh Circuit have permitted stays of discovery. Stays are often granted in cases where "the motion to dismiss can resolve a threshold issue such as jurisdiction, standing, or qualified immunity or where, in [antitrust cases] . . . discovery can be may be especially burdensome and costly to the parties." DSM Desotech Inc. v. 3D Systems Corp., 08 C 1531, 2008 U.S. Dist. LEXIS 87473, at *5 (N.D. Ill. Oct. 28, 2008) (Exhibit 1). As can be expected, numerous courts have denied stays of discovery as well. Niederhoffer Intermarket Fund, L.P. v. Chicago Mercantile Exchange, 99 C 3223, 1999 U.S. Dist. LEXIS 14305 (N.D. Ill. Aug.31, 1999) (Exhibit 2); Cohn v. Taco Bell Corp., 147 F.R.D. 154 (N.D. Ill. 1993). "[T]his Court rarely suspends discovery pending a 'motion to dismiss.' Most such motions are eventually denied. In the rare case where we do stay discovery pending a ruling on a potentially dispositive legal issue, we do so only when we are satisfied that the moving party is likely to prevail." United States v. Board of Educ., 636 F. Supp. 1046, 1047 (N.D. Ill. 1986). "[D]efendants must assert something more than the mere existence of a motion to dismiss to support a claim of good cause to request a complete stay of discovery." Syngenta Seeds, Inc. v. BTA Branded, Inc., 05 C 6673, 2007 U.S. Dist. LEXIS 81767 at *5 (N.D. Ill. Nov. 1, 2007) (Exhibit 3).

Although plaintiff's counsel is mindful that discovery in any type of case can

3

become expensive and time consuming, this case is not exceptional. In some cases, inspection of fax machines or the equipment that was used to transmit the faxes can be expensive and enforcement of third-party subpoenas can be both expensive and time consuming. Although plaintiff raises these issues for the Court's consideration, these are not issues currently before the Court and may not be before the Court in this case.

In this case, the discovery issued goes toward identifying the putative class members and to determining if any third-parties exist who were either involved in transmitting the faxes at issue, creating the design of the faxes at issue and providing the list of recipients of the faxes. In most cases, identification of the class members and third-parties is time sensitive, as document retention and witnesses' memories fade over time. Any third-parties who retain any of this key information are not under the same obligations as the parties to maintain and preserve these documents. Therefore, defendant's responses to plaintiff's discovery requests should not inflict unreasonable expense or any undue burden and a stay would prejudice plaintiff's ability to discover certain relevant information.

In order to properly make a determination on a motion to stay discovery, the Court is free to make a cursory review of the dispositive motion at issue. In re Sulfuric Acid Antitrust Litigation, 231 F.R.D. 331, 338 n.7 (N.D. Ill. 2005) (cursory review of pending motion to dismiss is appropriate); Von Drake v. National Broadcasting Co., Inc., 3-04-CV-0652-R, 2004 U.S. Dist. LEXIS 25090, at *4 (N.D.Tex. May 20, 2004) (cursory review of motion to dismiss is permitted to determine whether defendants have substantial arguments for dismissal) (Exhibit 4).

**B. DEFENDANT'S MOTION TO DISMISS
DOES NOT MERIT A STAY OF DISCOVERY**

Defendant's argument in its motion to dismiss is that the facsimiles it sent to plaintiff were not "advertisements" as defined by the TCPA. Defendant argues that its faxes are "informational," "educational" and provide for a "free CME" as the basis that it is exempt from liability under the TCPA. Plaintiff argues that the faxes in this case are "advertisements" because they identified and described a commercially available drug, promoted a seminar at which the drug would be discussed and compared to other drugs, and identified (and were funded by) the exclusive manufacturers of that drug. A review of the faxes at issue clearly demonstrates that the faxes are "advertisements" under the TCPA.

**C. DEFENDANT'S INITIAL DISCLOSURES *MUST* BE MADE**

The parties' agreed upon discovery schedule provides that the defendant has until March 16, 2010 to make its initial disclosures. This time has not yet passed. Fed. R. Civ. P. 26(a)(1)(C) provides that the parties *must* make their disclosures within 14 days of the discovery conference. In this case, according to the Rule, defendant should have made its disclosures on February 11, 2010, and the parties' agreed upon date gives defendant an additional 33 days to make its disclosures. This is not a proceeding exempt from disclosure listed under Fed. R. Civ. P. 26(a)(1)(B). In sum, there is no just reason for further delay.

**III. CONCLUSION**

Defendant's mere filing of a motion to dismiss is not a sufficient basis to unnecessarily delay this matter by entering an order staying discovery and staying defendant's required disclosures under Fed. R. Civ. P. 26(a)(1).

WHEREFORE, Plaintiff respectfully requests that this Court enter an order: (1) denying Defendant's motion to stay discovery; (2) requiring defendant to comply with either the parties' agreed upon date or the Court ordered date to make its initial disclosures; (3) requiring defendant respond to the plaintiff's discovery currently due on March 25, 2010; and (4) granting plaintiff such further relief as this Court deems just and proper.

Respectfully submitted,

s/ Heather Kolbus
Heather Kolbus

Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

6

## CERTIFICATE OF SERVICE

I, Heather Kolbus, certify that on March 2, 2010, I caused a true and accurate copy of the foregoing document to be served upon the parties listed below through the Court's CM/ECF system:


Bradley B. Falkof
bfalkof@btlaw.com

Lucille J. Shelby
lshelby@btlaw.com




                                        s/ Heather Kolbus
                                        Heather Kolbus


Daniel A. Edelman
Heather Kolbus
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 South LaSalle Street, Suite 1800
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)


7